Caruthers, J.,
delivered the opinion of the Court:
This bill is filed for an account and settlement oí the estate of Jacob Marberry, deceased, under the residuary clause of his will, against the defendants, as his executors. The only question in the case arises upon the first exception of defendant to the account, because one of the executors, F. W. Marberry, is not allowed to retain and have a credit for $461.00, with interest, which he insists he paid to one Gainer for his testator before his death. The exception was sustained b the Chancellor, and the credit allowed. The facts *605 in relation to this item are these. In 1842 the testator, Jacob Marberry, bought a slave at a judicial sale, for $461.00, and executed his note, due about the 1st January, 1843, when it was paid to Gainer, the commissioner, by the defendant F. W. Marberry, in cash notes assigned to him. It is not questioned but that these notes were his own, and that he paid off the debt of his father with them. But how it happened that he became paymaster for the old man who was good and solvent, and about that time in receipt of money from North Carolina, does not appear by any competent proof in the record. He states that he did so to accommodate his father, and to convert notes into money. The note is not produced, and his account of it is, that a few days after he took it up he informed the old man of it, and exhibited to him the note, when it was destroyed by his father against his consent, under a promise to pay the money in a few days. This is the last we hear of the transaction until this bill ’ is filed, in January, 1852, just nine years after the occurrences. The old man made his will and died early in 1846. On the 4th of May of that year, this will was admitted to probate, and the defendants became executors.
Three of the legatees, equally interested under \he residuary clause of the will with the complainants, are examined by them to prove that the testator had fully paid the defendant the amount thus paid for him, but the Chancellor disallowed their depositions on the ground of interest. There can be no doubt but this was correct, as they had a direct interest in the defeat of the claim. The residuary fund would be *606 enlarged or diminished by the action of the Court npon this item. This would clearly render them incompetent, and their evidence was properly rejected. The question then, must be decided without reference to that proof.
The circumstances tend very strongly to show that this claim had been satisfied by the testator before his death, but independent of that, we hold that it is barred by the statute of limitations. The right of action accrued in January, 1843, upon the payment of the debt to Gainer, and was a simple contract demand for that amount of money paid for the testator. The limitations would be six years and commenced running at the time the money was paid, as it was a case where an action of debt would lie; and such cases when relief is sought in equity, the rule is, that the time to form the bar is six, and not three years, as insisted in the argument. But what is there in this case to arrest the running of the statute until the claim was presented in this suit ? Three years had elapsed before the death of the testator, and six years more before the bill in this case was filed. The executors have never made any settlement with the County Court, and in no mode manifested an intention to re-taiñ the amount of this claim, or in any way, so far as appears from the proof, indicated the existence of such a debt. Even in his answer to this bill, he does not set it forth specially, or make any disclosures in reference to it. He barely states generally that the estate is indebted to him for monies advanced to and for the testator in his lifetime. It is true that an executor or administrator has a right to retain out of the assets *607 which may come to his hands for any debt he may have against the estate, because he cannot sue himself, but this can only be done where his demand is such as could be recovered if another were occupying his position as representative of the deceased debtor.
But it is contended, that it is discretionary with an executor or administrator to plead the statute. He is allowed, as the deceased debtor would be, if alive, to rely upon this defence or not. This is not the case when the question arises upon the right of retainer. Batson and others vs. Murrell, Adm'r, 10 Hum., 301. The reason and authority of this case in favor of the distinction, is conclusive upon this point. But in the case then before the Court, it would seem from a remark in the opinion, that the bar was completely formed before the administration — here it was not, and that is the only distinction. We think the principle may be well extended to all cases where the fall time to form the bar is permitted to expire before the administrator' or' executor makes known his claim and intention to retain. In this case, it was his duty under the law, to have made a settlement with the County Court in May, 1848 — two years after his appointment — so that the true condition of the estate could have been seen by those interested. That was the time to have exhibited any debts against the estate paid to others or retained by himself. That was nearly a year before the six years had elapsed. But he made no such settlement ; nor did he then, or at any time afterwards, within or after the expiration of six years, make known his claim, or intention to retain it.
There is much reason to believe that this demand is *608 unfounded in justice, and an after thought, originating an his spite against the complainants for instituting this •suit against him, for the assertion of their rights. But however that may be, and without giving to it any effect in our decision, we hold that the credit cannot be allowed, because the claim is barred by the statute of limitations.
The decree will he reversed on this point, and now modified accordingly.